IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SHAWN ADAMS, #799067 § | |
| § | |
| v. § | CIVIL ACTION NO. G-03-576 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Shawn Adams, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent has filed an Answer seeking dismissal of the Petition as time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to judgments and sentences entered by the 23rd District Court of Brazoria County, Texas. On July 7, 1997, Petitioner was convicted of engaging in organized criminal activity by committing aggravated robbery. The convictions comprised six separate cases, and Petitioner was sentenced to life imprisonment in the TDCJ-CID. Petitioner's convictions were affirmed on direct appeal on October 28, 1999, and he did not file a timely Petition for Discretionary Review ("PDR").

On June 26, 2001, Petitioner filed habeas writs in all six cases in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. On February 6, 2002, the Court of Criminal

Appeals ("CCA") granted him the right to file an out-of-time PDR, which was then refused on September 11, 2002. The instant federal Petition was filed on July 7, 2003.

The AEDPA requires a prisoner to file his federal habeas petition within one year of the date on which his judgment became final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on November 29, 1999, when the time for filing a PDR expired. Tex.R.App.P. 4.1(a). The AEDPA's limitations period began the next day and expired one year later on November 30, 2000. Since Petitioner did not file his Article 11.07 writs until June 26, 2001, the state-court filings did not toll the statutory period. The fact that the CCA granted Petitioner the right to file an out-of-time PDR is not relevant in this case. The Fifth Circuit has held that when the CCA grants the right to file an out-of-time PDR, the limitations period is tolled until the conclusion of the direct review provided by Texas law. "[I]t does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).

The AEDPA's limitations period, however, is not jurisdictional and is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It must not be applied with undue harshness. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is available only under "rare and exceptional circumstances" and ordinarily applies where the State has misled a prisoner about his rights. *Davis*, 158 F.3d at 811. Petitioner does not argue that he is entitled to equitable tolling. Nevertheless, the Court notes that the CCA granted him the right to file an out-of-time PDR because his appellate attorney failed to notify him in a timely manner that his convictions had been affirmed. According to Petitioner, he did not learn until November 27, 1999, that the appellate court had affirmed his convictions. *Ex parte Adams*, No. 49,924-01 at 17. This does not warrant equitable tolling. "Mere attorney error or neglect is not an extraordinary circumstance such

that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002); *see also Lookingbill*, 293 F.3d at 264.  Moreover, no evidence suggests that the State took any action to prevent Petitioner from exercising his rights.

Even if equitable tolling applied here, the instant Petition would still be time-barred. Petitioner had fifteen days after November 29, 1999, the day his PDR was due, to file for an extension of time to submit a PDR.  Tex.R.App.P. 68.2(c).  The fifteenth day fell on a Sunday, making the cutoff date December 13, 1999.  Since Petitioner learned on November 27, 1999, that his appeal had been denied, he could have filed for an extension by the cutoff date.  He did not do so.  *Ex parte Adams*, No. 49,924-02 at 19.  Even if equitable tolling applied, therefore, it would have expired when Petitioner failed to seek an extension of time to file his PDR.  Under this scenario, the AEDPA's limitations period would have expired 365 days after December 13, 1999, or on December 14, 2000, unless Petitioner filed his Article 11.07 writs before that date and tolled the limitations period.  His failure to do so means that the instant writ would be time-barred even if the Court applied equitable tolling.

The Court therefore **RECOMMENDS** that Petitioner's Writ of Habeas Corpus (Instrument No. 1) be **DISMISSED** as time-barred.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner shall have until **June 18, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will

then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this _____27th_____ day of May, 2005.

                                               John R. Froeschner
                                             United States Magistrate Judge